[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Selina Strong, Kenneth A. Flatto and Frederick E. Miller, Jr. were unsuccessful candidates in the November 2, 1993 election to the Representative Town Meeting ("RTM") of the Town of Fairfield from the Fourth District. They bring this action pursuant to Conn. Gen. Stat. 9-328 seeking an order declaring that three of the successful RTM candidates from the Fourth District, Andrew E. Knauf, Christopher Knauf and Christopher Pilkerton (the "Defendants") were not residents of the Fourth District at the time of their election and therefore were not duly elected. The plaintiffs ask the court to declare the plaintiffs the duly elected RTM representatives from the Fourth District in lieu of the Defendants.
The Defendants are students at Fairfield University, now in their junior year. During their freshman and sophomore years the Defendants resided in dormitories located on the campus of Fairfield University. In the spring of their sophomore year the Defendants made the necessary arrangements to live off campus for their junior year, beginning in September, 1993. All three entered into leases for homes in the Fairfield Beach area of Fairfield with other students as co-tenants. The Defendants moved into these homes, at 787 Rowland Road for the Knaufs and at 799 Fairfield Beach Road for Pilkerton, early in September when school began. It is undisputed that the campus of Fairfield University is located within the Fourth District of the RTM while 787 Rowland Road and 799 Fairfield Beach Road are located in the Tenth District of the RTM. It is further undisputed that the Fairfield Town Charter requires that a member of the RTM must be a resident of the district from which elected. CT Page 10727
The Defendants contend that they moved back on campus on or about October 1, 1993 with the intention of remaining on campus and that they were living in Fairfield University dormitories and therefore resided in the Fourth District on the date of the election, November 2, 1993. This is disputed by the plaintiffs, who suggest that the testimony of the Defendants lacks credibility.
At the outset of trial in this matter counsel for all the defendants made an oral motion to dismiss on several different grounds. (Under the statute, Conn. Gen. Stat. 9-328, the complaint must be filed within ten days of the election and the hearing must be held no longer than five days later so counsel had scant time for preparation of a written motion and memorandum of law.) Finding that none of the issues raised appeared to implicate the jurisdiction of the court, the court reserved decision on the motion and heard evidence on the complaint. Following the conclusion of the hearing, both sides filed memoranda of law. In their memoranda the Defendants argue once again that this court lacks subject matter jurisdiction over this action for several reasons. One of these claims is meritorious and is dispositive of this case.
This action is brought pursuant to Conn. Gen. Stat. 9-328, which provides in pertinent part
 Any elector or candidate claiming to have been aggrieved by any ruling of any election official in connection with an election for any municipal office . . . or any elector or candidate claiming that there has been a mistake in the count of votes cast for any such office at such election . . . or any candidate in such an election . . . claiming that he is aggrieved by a violation of any provision of sections 9-355, 9-357 to 9-361, inclusive, 9-364, 9-364a or 9-365 in the casting of absentee ballots . . . may bring a complaint to any judge of the superior court relief therefrom.
The statute requires an expedited hearing and decision and sets forth the various types of relief which the court may order. The Defendants contend that Section 9-328 is quite narrow in scope and does not apply to the circumstances here, where CT Page 10728 unsuccessful candidates claim that certain successful candidates are not qualified to hold office because of a lack of residency in the district from which they were elected. The plaintiffs respond by claiming that Scheyd v. Bezrucik, 205 Conn. 495
(1987), the case chiefly relied on by plaintiffs, is distinguishable from the facts before this court.
The plaintiffs in Scheyd v. Bezrucik, supra, brought an action under the same statute at issue here, Conn. Gen. Stat.9-328. The plaintiffs' claim was that Connecticut's minority representation statute was unconstitutional. What is instructive for this court from the Scheyd case is the Supreme Court's narrow interpretation off Section 9-328. The Court first refers to the statute as one "which, under narrowly defined circumstances, provides expedited judicial procedures for the resolution of election disputes." Id. at 496-7. (Emphasis added.)
The Supreme Court held that the plaintiffs' claim was not properly raised under Section 9-328 because the plaintiffs did not challenge "any ruling of an election official" nor did the plaintiffs allege a mistake in the vote count or a violation of any of the statutes specifically enumerated in the section. Accordingly, the Supreme Court dismissed the action. "In order to take advantage of the expedited procedures that 9-328
prescribes for the correction of errors in municipal elections, an elector or candidate must state one of the limited types of claims that the statute makes cognizable." Id. at 502. The plaintiffs' attempt to limit the holding of Scheyd to only those cases where a constitutional claim is raised is unavailing because it is not supported by any of the language used by our Supreme Court in the case.
The Supreme Court's interpretation of Section 9-328 applies here as well as in Scheyd, with the same result: this action must be dismissed. The plaintiffs contend in their complaint that they are aggrieved by the "actions" of the Chief Election Moderator and the Town Clerk, both of whom certified that as a result of the election on November 2, 1993, the Defendants were duly elected to the RTM from the Fourth District despite plaintiffs' contention that the Defendants were not residents of the Fourth District. The plaintiffs have failed to show, however, that in certifying the election results as required by law, (see, for example, Conn. Gen. Stat. 9-320, requiring the Town Clerk to return to the Secretary of the State a statement CT Page 10729 of each person elected) the chief moderator or town clerk were making a "ruling" as an "election official." (The plaintiffs themselves refer to the "actions" of the chief moderator and town clerk, not to any "rulings" by them.) Under Conn. Gen. Stat. 9-328, candidates aggrieved "by any ruling of an election official" may file a complaint for expedited hearing. The plaintiffs have failed to show that the chief moderator or the town clerk had any discretion in certifying the election results or that either of them had any authority or obligation to determine the residency of any candidates or to alter the election results in the event certain candidates were determined to not be residents of the district from which they were elected. The plaintiffs' claims do not come within the scope of Section 9-328.
The plaintiffs also allege in their complaint that the Defendants violated Conn. Gen. Stat. 9-357, 9-358 and 9-361, statutes whose violation is grounds for a Section 9-328 action. These claims, however, were not pressed at trial, nor were they briefed by counsel for the Defendants in post-trial memoranda. Moreover, Sections 9-357, 9-358 and 9-361 all relate to the conduct of electors, not candidates. The plaintiffs here clearly make their claims as unsuccessful candidates, not as electors. The proper vehicle for a challenge to the residency of the Defendants is a quo warranto proceeding. Such a proceeding tests the defendant's right to hold office. Cheshire v. McKenney, 205 Conn. 253, 256 (1980).
Even if the plaintiffs' claims could properly be raised in an action brought under Section 9-328, plaintiffs failed to show that the Defendants were not residents of the Fourth District at the time of their election, as alleged by the plaintiffs in paragraph three of the complaint. Assuming that plaintiffs needed to show non-residency by only a fair preponderance of the evidence rather than any higher standard, the evidence quite clearly shows that as of the date of the election and for at least a few weeks prior thereto, the Defendants resided within the Fourth RTM District in that they had moved back onto the Fairfield University campus, which is located in the Fourth District.
Andrew Knauf testified that he took up residency on campus October 1 after hearing about the residency issue through an article in the Fairfield Citizen, the local newspaper. Christopher Pilkerton testified that he moved out of 799 CT Page 10730 Fairfield Beach Road and onto the campus beginning on October 1 and as of October 2 he had completely vacated the house at Fairfield Beach. He, too, testified that it was a newspaper article about the residency issue which prompted his move. Christopher Knauf testified that he moved to campus on October 1, the same day he and his brother signed leases for dorm rooms on campus.
The plaintiffs question the credibility of the Defendants' testimony that they moved back on campus on October 1 or 2. Plaintiff Selina Strong testified that the very first article in the Fairfield Citizen about the residency issue was published on October 1. The plaintiffs suggest that it would not have been feasible for the Defendants to move to campus on the very same day the newspaper article appeared, given the arrangements which were necessary. For example, the Knaufs changed places with two students who moved to 787 Rowland Road while the Knaufs moved into the students' dormitory room; this required approval from several administrators of Fairfield University.
The plaintiffs overlook, however, the substantial documentary and other evidence showing that the Defendants fact move back to campus on or about October 1, 1993. The landlord and owner of 787 Rowland Road testified that he first received a phone call and then later a confirming letter from the Knaufs that they were moving back to campus and were subletting the premises at 787 Rowland Road on or about October 1. The records of the Town of Fairfield Health Department show that the Housing Inspector was notified that on or about October 1 the Knaufs were moving out of 787 Rowland Road and two new tenants were moving in.
Several records of Fairfield University show that the Defendants moved to dormitory rooms on campus effective October 1. The Defendants' residence hall agreements with the University were later signed on October 12, October 18 and October 19. The Bursar for Fairfield University charged the accounts of the Defendants for room and board beginning the week of September 29 through October 5. After considering all of the evidence presented, the court would find that the Defendants resided in the Fourth RTM District on the critical date, election day, November 2, 1993 and that they had resided in the Fourth District for a few weeks prior to that date. Any discrepancy in the testimony of the Defendants was overcome by the substantial evidence showing that they returned to live on CT Page 10731 campus in early October.
As a result of the plaintiffs' failure to allege in their complaint any one of the limited types of claims identified in Conn. Gen. Stat. 9-328, this action is dismissed.
CHRISTINE S. VERTEFEUILLE, JUDGE